**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X      03 CV 0233 (NG) (LB)

**KEVIN THURMOND,**

                **Petitioner,**

   -against-                                                           **ORDER**

**SUPERINTENDENT POOLE, Five Points
Correctional Facility,**

                **Respondent.**

-----------------------------------------------------------------X

**GERSHON, United States District Judge:**

       Following a jury trial, petitioner was convicted, in New York Supreme Court, Kings County, of attempted rape in the first degree and assault in the second degree. Petitioner's conviction became final on November 4, 2002. He filed a petition for a writ of habeas corpus in this court on January 13, 2003, citing the following grounds: (1) the prosecutor committed perjury in the bill of particulars; (2) the prosecutor allowed a witness to commit perjury at trial; (3) the prosecutor failed to turn over *Rosario* material; (4) the prosecutor allowed a witness to commit perjury in the grand jury; and (5) the evidence was not legally sufficient to prove petitioner's guilt beyond a reasonable doubt. The petition was referred to the Honorable Lois Bloom, United States Magistrate Judge, for a report and recommendation.

       Petitioner sent a letter dated June 14, 2005 to the Clerk of Court, advising that (1) he had a change of address, and (2) he was awaiting a decision from the State court on a motion pursuant to Section 440.20 of the New York Criminal Procedure Law to vacate his sentence. "If my motion is denied," petitioner stated, "I will be filing a new petition for a federal habeas corpus which is solely contesting the sentence and not the conviction." A stay of the proceedings was not requested by petitioner, and none was granted. On June 29, 2005, Judge Bloom issued a report and

recommendation, recommending that the petition be denied. After being granted an extension of time to respond to the report and recommendation, petitioner simultaneously filed objections to the report and recommendation and an application for leave to amend his petition, both dated October 6, 2005. By the latter, petitioner seeks to add a new claim to the petition– that his sentence was illegally enhanced based on prior convictions that are unconstitutional.

The proposed new claim is untimely under 28 U.S.C. § 2244(d)(1), and does not relate back to any of the claims asserted in the original petition. *See Mayle v. Felix*, ___ U.S. ___, 125 S. Ct. 2562, 2566 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."). Accordingly, petitioner's application for leave to amend is denied.

With respect to the report and recommendation, the court has considered the objections filed by petitioner, which focus on the sufficiency of the evidence claim, and finds them unpersuasive. The report and recommendation of Judge Bloom is hereby adopted by the court: Petitioner's application for a writ of habeas corpus is denied. Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c). Moreover, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of Court is directed to close this case.

**SO ORDERED.**

/S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
November 2, 2005